IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TODD GRIFFIN                                                                                   PLAINTIFF

v.                                      Civil No. 6:17-CV-06134

SHERIFF MIKE CASH                                                                          DEFENDANT

## **OPINION AND ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendant's Motion for Summary Judgment. (ECF Nos. 34, 35, 36).

## **I. BACKGROUND**

Plaintiff filed his Complaint on December 22, 2017, in the Eastern District of Arkansas. (ECF No. 2). It was transferred to this District on December 27, 2017. (ECF No. 3). On January 3, 2018, the Court entered an Order directing Plaintiff to file an Amended Complaint, and Plaintiff did so on January 10, 2018. (ECF No. 7). He filed a Supplement on January 22, 2018. (ECF No. 9). The Amended Complaint was brought against Sheriff Mike Cash and TJ Burnet. (ECF No. 7). On June 26, 2018, Defendant TJ Burnet was dismissed as a party in this case because Plaintiff failed to provide accurate service information for him. (ECF No. 24).

Plaintiff alleges his constitutional rights were violated while he was incarcerated in the Hot Spring County Jail ("HSCJ") in November and December of 2017. (ECF No. 7 at 6). He alleges that from 11/1/2017 through 11/15/2017, and 12/4/2017 through 12/7/2017, inmates were told that mail supplies and postage for indigent prisoners would no longer be available. (*Id*. at 4). The commissary was then shut down, so there was no opportunity to buy mail supplies or postage. (*Id*.). He alleges this prevented him from contacting his family or his lawyer because he could not afford to put money on a phone. (*Id*. at 5). He alleges this caused him to "lose all right" to his

1

son. (*Id*. at 7). He proceeds against Defendant Cash in his official and personal capacity for this claim. (*Id*. at 4). Plaintiff seeks compensatory and punitive damages. (*Id*. at 7; ECF No. 9).

Plaintiff also raised two claims against Defendant Burnet in his official capacity only[1] for the dates of 11/1/2017 through 11/15/2017. (ECF No. 7 at 5-7). First, he alleges that he received no recreation call "the whole time" he was there. He alleges the inmates would write grievances, but "they" would throw them away. (*Id*. at 5-6). Second he alleges the inmates were told that they would be put on a 1,000-calorie diet because the food budget was low. (*Id*. at 6). Plaintiff states they are supposed to receive 2100 calories per day. (*Id*. at 7).

Defendant Cash filed his Motion for Summary Judgment on October 1, 2018. (ECF Nos. 34, 35, 36). On October 3, 2018, the Court entered an Order directing Plaintiff to file his Response to the Motion. (ECF No. 37). To date, Plaintiff has not filed his Response, nor has he otherwise communicated with the Court.

The Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the Motion for Summary Judgment. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001) (facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] Because these items were raised as official capacity claims, they will be addressed even though Defendant Burnet has been dismissed as a party to the case.

"Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "Conclusory, non-specific statements in an affidavit or verified complaint" are also insufficient. *McClanahan v. Young*, 4:13-CV-04140-RAL, 2016 WL 520983, at *6 (D.S.D. Feb. 5, 2016) (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The facts set forth by Defendant are deemed admitted except to the extent contradicted by facts alleged in the Plaintiff's verified complaint. The question is, given the facts as pieced together by the Court, whether any genuine issues of material fact exist regarding the violation of Plaintiff's constitutional rights.

### III. ANALYSIS

Defendant Cash first notes that Plaintiff was in HSCJ for only two days in November 2017 for a hearing. (ECF No. 35 at 1; ECF No. 36-2). Defendant Cash argues summary judgment is appropriate in his favor because: (1) Plaintiff failed to allege any policy or custom of HSCJ which

3

violated his rights; (2) he had no personal involvement with Plaintiff's alleged violation; (3) he is entitled to qualified immunity; and, (4) Plaintiff failed to allege any injuries arising from his alleged conditions of confinement claims. (ECF No. 35).

Plaintiff raises both personal and official capacity claims concerning the alleged denial of mail privileges, and official capacity claims concerning his diet and recreation. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

### A. Denial of Mail Privileges

Plaintiff's allegation that HSCJ had a policy of completely denying mail privileges to indigent prisoners, and Defendant Cash personally implemented that policy, is contradicted by the record.

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Restrictions on this First

4

Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). The Eighth Circuit has held that there is no right to unlimited free postage for legal mail, and no right to free postage for non-legal mail. *Blaise v. Fenn*, 48 F.3d 337, 339 (8th Cir. 1995); *Herschberger v. Scaletta*, 33 F.3d 955, 957 (8th Cir. 1994); *Kaestel v. Lockhart*, 746 F.2d 1323, 1325 (8th Cir. 1984). The reasoning in these cases, however, relied in part on the fact that the indigent plaintiffs had access to alternative sources for postage within the facility. *See Blaise*, 48 F.3d at 339-40 (inmates were provided an allowance each month which could be used for postage); *Herschberger*, 33 F.3d at 957 n.4 (inmates could receive free postage for personal mail through their prison counselor); *Kaestel*, 746 F.2d at 1325 (inmates could receive postage assistance through the state chaplains' fund).

Here, contrary to the Plaintiff's allegation, the summary judgment record shows that the facility did not have a policy of denying indigent prisoners mail privileges. To the contrary, the policy expressly states that indigent prisoners will be provided with writing materials and postage for two letters per week. The provision is not limited to legal mail. (ECF No. 36-3 at 9). The provision of two free mailings per week for indigent prisoners satisfies constitutional standards. *See Smith v. Erickson,* 961 F.2d 1387, 1388 (8th Cir. 1992) (policy of providing indigents with one free mailing per week for legal correspondence satisfies constitutional standards). Thus, there is no summary judgment evidence, even considering Plaintiff's verified complaint, to demonstrate that HSCJ had a policy or custom of denying mail privileges to indigent prisoners and that Defendant Cash personally implemented that policy.

There is no genuine issue of material fact concerning Plaintiff's claim that he was completely denied mail privileges because he was indigent, and Defendant Cash is entitled to summary judgment as a matter of law on this claim.

### B. Denial of Adequate Nutrition

Plaintiff's allegation that he was placed on a 1,000-calorie diet for two days to save the facility money is also contradicted by the record.

"Constitutional standards require only that prison authorities provide an inmate with well-balanced meals, containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (expressing doubt that Talib who missed about fifty meals in five months and lost fifteen pounds met this threshold) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (even on a regular permanent basis, two meals a day may be adequate). *See also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (claim that inmate missed eight meals properly dismissed as frivolous); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (Eighth Amendment not violated when inmate served only one meal a day for fifteen consecutive days where the one meal was sufficient to maintain normal health).

The HSCJ food policy states sedentary detainees are to receive a minimum of 2300 calories, while active detainees will receive a minimum of 2700 calories. (ECF No. 36-3 at 11). These meals will contain the recommended dietary allowances and the basic four food groups. (*Id.*). The menus for the meals are reviewed at least once annually by a Registered or Certified Dietician from the Hot Spring County Medical Center to ensure the nutritional adequacy of the menu. (*Id.*). A copy of the menu was provided for a week in March 2018, and the menu is more than adequate, including hot meals for breakfast and dinner and sandwiches with snacks at lunch. (ECF No. 36-4). Further, Plaintiff makes no allegation that he lost any weight or suffered any

other indicia of diminished health from the diet he received at HSCJ for two days. Thus, other than the bare allegation in his Amended Complaint, there is no evidence in the summary judgment record that Plaintiff was denied adequate nutrition during his two-day stay at HSCJ. Vague and conclusory statements are insufficient to raise a question of material fact concerning his alleged denial of nutrition at HSCJ. *See McClanahan*, 2016 WL 520983, at *6 ("Conclusory, non-specific statements in an affidavit or verified complaint" are insufficient to survive summary judgment).

There is no genuine issue of material fact concerning Plaintiff's claim that he was denied adequate nutrition during his two-day stay at HSCJ, and Defendant is entitled to summary judgment as a matter of law.

### C. Denial of Recreation

Even if true, Plaintiff's allegation that he was denied a recreation call for the two days he was held at HSCJ does not rise to the level of a constitutional violation.

In general, courts have held that the temporary denial of bedding, exercise, clothes, showers, or hygiene products is not unconstitutional. *See, e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise and visits was not a constitutional violation). The Eighth Circuit has found that out-of-cell recreation time of forty-five minutes per week for an inmate in protective custody did not violate the Eighth Amendment. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Similarly, the Eighth Circuit has held that a limitation of three hours per week of out-of-cell exercise time does not necessarily violate the Constitution. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Termunde v. Cook*, 684 F. Supp. 255, 260 (D. Utah 1988) (no constitutional violation where inmates received one hour each day, five days per week for recreational and shower purposes); cf. *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (No deliberate indifference where prisoner allowed to use a dayroom with exercise equipment for three hours a week even though he was

7

denied outside exercise for three months). No plausible constitutional violation has been stated with respect to Plaintiff's claim that he was denied out-of-cell recreation time for two days.

Further, even if Plaintiff had been at HSCJ for a longer time, his allegations would still fail to rise to the level of a constitutional violation. A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id*. Plaintiff did not allege he suffered muscle atrophy or any damage to his health as a result of being denied out-of-cell recreation time.

There is no genuine issue of material fact concerning Plaintiff's claim that he was denied adequate exercise because he did not receive a recreation call during his two-day stay at HSCJ, and Defendant is entitled to summary judgment as a matter of law.

### IV.  CONCLUSION

For these reasons, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 10th day of July 2019.

Judgment will be entered accordingly.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE